CUYAHOGA COUNTY BAR ASSOCIATION *v.* SCOTT-CHESTANG.

[Cite as *Cuyahoga Cty. Bar Assn. v. Scott–Chestang,*
113 Ohio St.3d 310, 2007-Ohio-1956.]

(No. 2006–2286—Submitted February 14, 2007—Decided May 9, 2007.)

---

Per Curiam.

{¶ 1} This court admitted respondent, Renee B. Scott–Chestang, also known as Renee B. Fossett, of Shaker Heights, Ohio, Attorney Registration No. 0030616, to the practice of law in Ohio in 1985. On June 14, 2006, we indefinitely suspended respondent's license to practice for, among other misconduct, neglecting the cases of 12 clients. See *Cuyahoga Cty. Bar Assn. v. Scott–Chestang,* 109 Ohio St.3d 405, 2006-Ohio-2711, 848 N.E.2d 507.

{¶ 2} On July 28, 2006, relator, Cuyahoga County Bar Association, charged that respondent had violated three more provisions of the Code of Professional Responsibility in representing a bankruptcy client. The Board of Commissioners on Grievances and Discipline served respondent with the complaint, but she did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, making findings of fact and conclusions of law and recommending a sanction, all of which the board adopted.

{¶ 3} On review of the board's report, we find that respondent committed three violations of the Disciplinary Rules, and we adopt the recommended sanction.

## Misconduct

{¶ 4} Linda M. Pollard retained respondent in February 2003 to represent her in a Chapter 7 bankruptcy, paying her $200. Over the next ten months, Pollard paid $950 more pursuant to their fee agreement. Respondent eventually filed the Pollard bankruptcy and some other preliminary papers; however, contrary to her client's repeated requests, respondent failed to do any more work in the case. Pollard eventually had to pay additional legal fees for another lawyer to represent her.

{¶ 5} Respondent did not disclose to Pollard that she had no professional-liability insurance. Respondent also did not maintain a client trust account as

required and instead deposited Pollard's fees in the bank account from which she paid office expenses.

{¶ 6} We conclude that respondent violated DR 1–104 (requiring a lawyer to disclose to clients the lawyer's lack of professional-liability insurance), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), and 9–102(B)(4) (requiring a lawyer to promptly repay unearned fees). Although the board also found a violation of Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in the investigation of professional misconduct), we do not adopt that finding, inasmuch as relator's complaint did not charge this misconduct.

## Sanction

{¶ 7} In determining the appropriate sanction for this misconduct, we consider respondent's background and the mitigating and aggravating factors of her case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 8} Relator cites no mitigating factors; however, the board considered the fact that respondent committed the instant misconduct contemporaneously with the misconduct for which she is now serving an indefinite suspension. The board found that this single additional ethical lapse, which was similar to the prior misconduct, was insufficient justification for increasing the severity of her sanction. Under the circumstances of this case, we agree.

{¶ 9} As an aggravating factor, the board weighed respondent's apparent failure to comply with our prior order of indefinite suspension, particularly the reinstatement conditions that she get treatment for her alcohol dependence and mental disability. The board drew this inference from respondent's failure to participate in any way in these disciplinary proceedings. We agree with that determination.

{¶ 10} Relator advocated an indefinite suspension to run concurrently with the sanction under which she presently serves. The master commissioner and board recommended a concurrent indefinite suspension, and we agree that that sanction is appropriate. We therefore indefinitely suspend respondent from the practice of law in Ohio and order respondent to serve the suspension concurrently with the sanction imposed in *Cuyahoga Cty. Bar Assn. v. Scott–Chestang*, 109 Ohio St.3d 405, 2006-Ohio-2711, 848 N.E.2d 507.

{¶ 11} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

David M. Paris and Ellen A. Mandell, bar counsel, for relator.